IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:05CV387

STEVEN TAN,
    Plaintiff

vs.      **ORDER**

UNITED STATES OF AMERICA, et al.,
    Defendants.

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss or, in the Alternative, to Transfer Venue" ("Motion to Dismiss") (Document No. 7) and the "Brief in Support ..." (Document No. 8), both filed November 16, 2005 by the United States of America and the individual defendants in their official capacities (collectively, the "United States"); and the "Plaintiff's Request to Transfer Venue in Response ..." (Document No. 9), filed December 9, 2005 by Steven Tan. Having considered the written arguments and applicable authority, the undersigned will grant the Motion and dismiss the case.

### I. LEGAL ANALYSIS

On September 9, 2005, Steven Tan filed with this Court what he entitled a "Complaint for Return of Seized Property Pursuant to FR. Crim. Proc. 41(g); Complaint for Return of Seized Property for Substantial Hardship Pursuant to 19 U.S.C. § 1614"(the "Complaint").[1] In the Complaint, Mr. Tan seeks the return of certain monies which he alleges were unlawfully seized by Davidson County law enforcement personnel during a vehicle stop on June 21, 2005.

Rule 41(g) of the Federal Rules of Criminal Procedure permits "[a] person aggrieved by an

---

[1] Capitalization and punctuation has been changed.

1

unlawful search and seizure of property or by the deprivation of property [to] move for the property's return." Importantly, however, "[t]he motion <u>must</u> be filed in the district where the property was seized." Fed. R. Crim. P. 41(g) (emphasis added). The United States represents, and Mr. Tan now concedes, that the seizure took place in the Middle District of North Carolina (the "Middle District"). Accordingly, pursuant to Rule 41(g), venue for this action lies only in the Middle District and not in the Western District. Because venue in this Court is improper, and pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and Title 28, Section 1406(a) of the United States Code, the undersigned will dismiss the case.[2]

## II. ORDER

**IT IS, THEREFORE, ORDERED** that the "Motion to Dismiss or, in the Alternative, to Transfer Venue" (Document No. 7) is hereby **GRANTED** and that this case be **DISMISSED**.

---

[2] Title 28, Section 1406(a) of the United States Code reads as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

**Signed: January 12, 2006**

David C. Keesler
United States Magistrate Judge